IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30058
Summary Calendar
_____


BORGSHIPS, INC.; DANNEBROG REDERI AS;
NORDANA LINE ASA,

                                        Plaintiffs-Appellees,

                    versus

PASTOR FERRERA,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(97-CV-1730-I)
_____
November 17, 1998

Before REAVLEY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Pastor Ferrera appeals the district court's grant of an injunction barring relitigation of the

choice-of-law issue in plaintiff's maritime suit in Louisiana state court.  We affirm.

        Ferrera sued defendants Borgships, Inc., Dannebrog Rederi, AS, and Nordana Line ASA

(collectively "Borgships") in federal district court alleging claims under the Jones Act and general

maritime law for injuries sustained while a seaman aboard the M/V Skanderborg.  The district

court dismissed plaintiff's suit without prejudice based on the doctrine of *forum non conveniens*.

*See Ferrera v. Borgships, Inc.*, No. Civ.A. 94-3377, 1996 WL 80106, at *6 (E.D. La. Feb. 16,

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1996).  In deciding the *forum non conveniens* issue, the district court determined that Danish law governed plaintiff's claims.  *See id.* at *5.  On appeal, this court affirmed the order of dismissal.  *See Ferrera v. Borgship, Inc.*, 98 F.3d 1337 (5th Cir. 1996).  Ferrera then filed an identical suit in Louisiana state court.  Borgships brought this action in the federal district court seeking a permanent injunction to bar Ferrera from bringing claims against Borgships under the Jones Act or general maritime law in the state court suit.  The district court granted the injunction, limiting its scope to enjoin only relitigation of the choice-of-law issue.  In its Order and Reasons, the district court specifically noted that the relitigation exception to the Anti-Injunction Act does not authorize an injunction against Ferrera's state court suit because the issue of whether Louisiana is an appropriate forum had not been decided.  But, because as part of its federal *forum non conveniens* analysis, the district court had specifically decided that Danish law governed the controversy, the court determined that an injunction barring relitigation of the choice-of-law issue was warranted.  This appeal followed.

DISCUSSION

Ferrera raises three arguments on appeal.  First, Ferrera asserts that the injunction preventing him from relitigating the choice-of-law issue in any other United States court exceeds the scope of the relitigation exception to the Anti-Injunction Act.  Second, Ferrera contends that the district court abused its discretion by applying an incorrect standard of law because the precedents relied on by the district court are inapposite.  Third, Ferrera claims that he was denied due process by this court's "rubber stamped" affirmance of the district court's prior dismissal on *forum non conveniens* grounds.  We reject each of these arguments and conclude that (1) the injunction is within the scope of the relitigation exception to the Anti-Injunction Act, (2) the district court correctly relied on *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 108 S. Ct. 1684, 100 L. Ed. 2d 127 (1988), and *Quintero v. Klaveness Ship Lines*, 914 F.2d 717 (5th Cir. 1990), and therefore did not abuse its discretion by issuing the injunction, and (3) Ferrera's due process claim is not properly before this court.

2

I.      *Standard of Review*

We review the district court's issuance of the permanent injunction for an abuse of discretion.  *See Deus v. Allstate Ins. Co.*, 15 F.3d 506, 524 (5th Cir. 1994).  "The district court abuses its discretion if it (1) relies on clearly erroneous factual findings when deciding to grant or deny the permanent injunction[,] (2) relies on erroneous conclusions of law when deciding to grant or deny the permanent injunction, or (3) misapplies the factual or legal conclusions when fashioning its injunctive relief."  *North Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916-17 (5th Cir. 1996).

II.     *Scope of the Relitigation Exception to the Anti-Injunction Act*

The permanent injunction at issue here does not exceed the scope of the relitigation exception to the Anti-Injunction Act and the district court was within its discretion to issue the injunction.  This issue is governed by the precedents cited in the district court's Order and Reasons—*Chick Kam Choo*, 486 U.S. 140, 108 S. Ct. 1684, and *Quintero*, 914 F.2d 717.

The Anti-Injunction Act prohibits federal courts from granting injunctions to stay proceedings in state courts, with three limited exceptions.  *See* 28 U.S.C.A. § 2283 (1994).  At issue here is the relitigation exception, which allows federal courts to enjoin state judicial proceedings "to protect or effectuate its judgments."  *Id.*  The scope of this exception is limited to enjoining "state litigation of an issue that previously was presented to and decided by the federal court."  *Chick Kam Choo*, 486 U.S. at 147, 108 S. Ct. at 1690.

The United States Supreme Court has expressly approved of the type of injunction at issue here.  In *Chick Kam Choo*, the Supreme Court considered whether the district court properly enjoined the plaintiff from suing defendants in Texas state court on claims that the district court had previously dismissed pursuant to the federal *forum non conveniens* doctrine.  *See* 486 U.S. at 142-47, 108 S. Ct. at 1687-90.  The Supreme Court held that an injunction barring plaintiff's state court suit exceeded the scope of the relitigation exception because the issue of whether Texas state courts would be an appropriate forum had not been litigated or decided by the district court.

3

*See id.* at 148-49, 108 S. Ct. at 1690-91. But, the Supreme Court stated that an injunction prohibiting the relitigation of the choice-of-law issue would be within the scope of the relitigation exception because the district court, as part of its *forum non conveniens* analysis, had decided that Singapore law controlled plaintiff's suit. *See id.* at 150-51, 108 S. Ct. at 1691-92. The Court stated, "[b]ecause in its 1980 decision the District Court decided that Singapore law must control petitioner's lawsuit, a decision that necessarily precludes the application of Texas law, an injunction preventing relitigation of that issue in state court is within the scope of the relitigation exception to the Anti-Injunction Act." *Id.* at 150, 108 S. Ct. at 1691-92. But, the injunction issued by the district court was too broad in that it enjoined plaintiff from bringing *any claims* against the defendants in state court that arose out of the same occurrence. *See id.* at 151, 108 S. Ct. at 1692.

In *Quintero*, we squarely addressed the issue here—whether a federal district court may properly enjoin relitigation of the choice-of-law issue in state court when the district court had previously decided the choice-of-law issue pursuant to its *forum non conveniens* dismissal of plaintiff's federal cause of action. *See* 914 F.2d at 719. In that case, the district court dismissed plaintiff's maritime case with prejudice on *forum non conveniens* grounds. *See id.* at 720. As part of its analysis, the district court determined that Philippine law governed plaintiff's claim. *See id.* Consequently, the district courted issued an injunction preventing the plaintiff from relitigating the choice-of-law issue in the parallel state court action. *See id.* Relying on *Chick Kam Choo*, we held that "[a]s a matter of law, the injunction is squarely within the relitigation exception of the Anti-Injunction Act" and that a district court has discretion to issue such an injunction. *Id.*

Ferrera asserts that our decision in *Baris v. Sulpicio Lines, Inc.*, 74 F.3d 567 (5th Cir.), *aff'd by an equally divided court,* 101 F.3d 367 (1996) (en banc), *cert. denied*, 117 S. Ct. 1432, 137 L. Ed. 2d 540 (1997), controls this issue. That assertion is misguided. In *Baris*, the defendants sought to enjoin the plaintiffs from pursuing their claims in state court following the

4

district court's dismissal of plaintiff's federal suit on *forum non conveniens* grounds. *See id.* at 569-70. We affirmed the district court's denial of the injunction concluding that a dismissal based on the *forum non conveniens* doctrine "does not operate as an adjudication 'on the merits' of the *entire claim*." *Id.* at 573 (emphasis added). But, we recognized that *forum non conveniens* dismissal "is an adjudication 'on the merits' of the f.n.c. issue itself." *Id.* The critical distinction between *Baris* and the present case is that the injunction sought in *Baris* was not limited to barring relitigation of the choice-of-law issue as is the case here. *Baris* held only that a prior *forum non conveniens* dismissal could not "serve to bar the plaintiffs' claims forever from U.S. courts." *Id.* Here, the district's courts injunction is expressly limited to bar relitigation of the choice-of-law issue and does not prevent Ferrera from pursuing his claim in state court. Thus, *Baris* does not undermine our conclusion that the district court's injunction does not exceed the scope of the relitigation exception.

III.     *Application of Quintero and Chick Kam Choo*

Ferrera contends that the district court erred by relying on *Quintero* and *Chick Kam Choo* to support issuance of the injunction and that such reliance constituted an abuse of discretion. We reject this contention. First, Ferrera argues that *Quintero* is distinguishable because that case concerned a dismissal with prejudice, whereas here, the district court's prior dismissal was without prejudice. Ferrera seemingly argues that because the district court did not set forth any preconditions to dismissal, as was the case in *Quintero*, we should not apply *Quintero* here. In *Quintero*, we held that a *forum non conveniens* dismissal may properly be granted with prejudice. *See* 914 F.2d at 719. This holding was premised on our conclusion that the district court's preconditions to dismissal "adequately protect[ed the plaintiff's] ability to litigate his claim in the alternative forum." *Id.* at 721-22. Here, there was no need for the district court to set forth preconditions to the *forum non conveniens* dismissal because dismissal was entered without prejudice, Ferrera's claim had already been litigated in the alternative foreign forum, and Borgships has submitted to that forum's jurisdiction. Moreover, our holding in *Quintero,* that the

5

injunction barring relitigation of the choice-of-law issue fit squarely within the relitigation exception to the Anti-Injunction Act, did not turn on whether the injunction was with or without prejudice. *See id.* at 720. It is not enough for Ferrera to point to a factual difference between the two cases. Ferrera does not offer, nor can we discern any logical reason why this factual difference precludes application of *Quintero* to the facts of this case.

Second, Ferrera argues that *Chick Kam Choo* is inapposite because there the district court decided the choice-of-law issue on summary judgment. Ferrera asserts that this distinction is significant because the choice-of-law issue decided on summary judgment "was singularly available for appellant [sic] review" whereas here, "only the general appropriateness of forum non conveniens was available for review." Appellant's Br. at 12. We are not persuaded. Here, the district court thoroughly analyzed the specific choice-of-law issue in its Order and Reasons. Also, in his appeal of that dismissal, Ferrera specifically addressed the choice-of-law issue in his brief to this court. Ferrera cannot seriously argue that the choice-of-law issue was not adequately available for appellate review. We decline to limit the application of *Chick Kam Choo* to the facts of this case because of this procedural distinction.

Relying on *Baris*, Ferrera also claims that the injunction was improper because the district court's *forum non conveniens* dismissal was not "on the merits" as the court chose not to exert jurisdiction over the matter. For this proposition Ferrera relies on language from *Baris*, where we stated that forum non conveniens dismissal "is a discretionary refusal to exercise jurisdiction that plainly does exist." *Baris*, 74 F.3d at 572. This statement in *Baris* merely pointed out the distinction between a Rule 41(b) dismissal for lack of jurisdiction and a *forum non conveniens* dismissal. *See id.* In *Baris*, we concluded only that "an f.n.c. ruling . . . does not operate as an adjudication 'on the merits' of the *entire claim.*" *Id.* at 572-73 (emphasis added). We recognized, however, that "the f.n.c. dismissal does carry some preclusive effect and . . . is an adjudication 'on the merits' of the f.n.c. issue itself." *Id.* at 573. Moreover, Ferrera's argument is foreclosed by *Quintero*, where we addressed the precise issue and held that "a *forum non*

6

*conveniens* dismissal that includes a choice-of-law determination is a determination on the merits." *Quintero*, 914 F.3d at 719.

IV.     *Due Process Claim*

Finally, Ferrera claims that he was denied a thorough review of the district court's dismissal in the prior action because the per curiam opinion of the prior panel affirming that judgment "rubber stamped" the district court's order and reasons. *See Ferrera v. Borgships, Inc.*, No. 96-30224, slip op. at 1 (5th Cir. Sept. 4, 1996). The unpublished opinion states: "The judgment of the district court is affirmed essentially for the reasons assigned by the district court in its thorough order and reasons entered on February 22, 1996." *Id.* Ferrera contends that this amounts to a due process violation.

We are without jurisdiction to rule on the adequacy of review rendered by another panel of this circuit in a separate proceeding. The proper mechanism for asserting this claim is by direct appeal from the decision of the previous panel—namely by a petition for rehearing by the original panel, a petition for rehearing en banc, or by petition for review by the Supreme Court. Nor do we have the authority to overrule a decision of a prior panel, absent intervening en banc review or other changes in the law. *See, e.g.*, *Crowe v. Smith*, 151 F.3d 217, 233 (5th Cir. 1998). Although this is not the proper forum to assert this claim, we note that this court has rejected similar constitutional challenges to our summary calendar procedures. *See, e.g.*, *George W. Bennett Bryson & Co. v. Norton Lilly & Co.*, 502 F.2d 1045, 1050 (5th Cir. 1974) (denying petition for en banc rehearing or rehearing by original panel and holding that denial of oral argument and disposition of appeal by summary decision did not constitute due process violation).

CONCLUSION

The district court properly enjoined relitigation of the choice-of-law issue as authorized by *Quintero* and *Chick Kam Choo*. These precedents clearly govern the disposition of this case. We do not address Ferrera's due process claim as that issue is not properly before this court.

AFFIRMED.

7